**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ANDREA PETERSON** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. **RWT 07-1762** |
| | * | |
| **FIRST ADVANTAGE/** | * | |
| **SAFE RENT, INC.** | * | |
| | * | |
| Defendant | * | |

**MEMORANDUM OPINION**

Before the Court are Defendant's Motion to Dismiss and Plaintiff's Motion for a Preliminary Injunction. For the reasons that follow, Defendant's Motion to Dismiss shall be granted. Consequently, Plaintiff's Motion for a Preliminary Injunction must be denied.

Defendant is a credit reporting agency. Plaintiff alleges Defendant provided false information on Plaintiff's consumer report. Plaintiff's consumer report shows that Plaintiff was the defendant in two civil cases filed by her previous landlord. The report also lists these cases as "DISMISSED/TERMINATED". Plaintiff, who is litigating pro se, argues that this information is false or misleading because the cases "did not result in judgment" and the report does not show the cases were dismissed pursuant to her Motion to Dismiss. Compl. ¶ 18. Defendant does not dispute that these cases were filed or that they were ultimately dismissed.

Under the Fair Credit Reporting Act (FCRA), credit reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681(e)(b). Therefore, a consumer reporting agency violates the FRCA if "(1) the consumer report contains inaccurate information and

(2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." *Dalton v. Capital Assoc. Inds.*, 257 F.3d 409, 415 (4th Cir. 2001) (citing *Cahlin v. Gen Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991). A report is inaccurate when it is "patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Dalton*, 257 F.3d at 415 (quoting *Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895 (5th Cir. 1998)); *Jianqing v. Trans. Union*, Civ. No. AW-03-1290, 2006 WL 4729755 (D. Md. May 2, 2006) (Williams, J.); *Wadley v. Equifax Info. Servs., LLC*, 396 F.Supp.2d 677, 679 (E.D.Va., 2005).

In this case, Plaintiff concedes that the two cases shown on her report were filed and have been dismissed. Compl. ¶ 18. Therefore, there does not appear to be a patent inaccuracy on Plaintiff's consumer report.

Furthermore, Defendant's failure to indicate that these cases were dismissed pursuant to Plaintiff's motion to dismiss does not render Defendant's report "misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Dalton*, 257 F.3d at 415 (holding that a report was misleading because it appeared to indicate that plaintiff was found guilty of a felony when plaintiff actually pled guilty to a misdemeanor); *see also Jianqing*, 2006 WL 4729755, *4 (holding that a report was not misleading when it showed plaintiff failed to make timely loan repayments but did not indicate that plaintiff had entered a hardship repayment program); *Wadley*, 396 F.Supp. 2d at 679 (report not misleading when it showed plaintiff failed to pay car loan and but did not indicate that plaintiff disputed the validity of the loan contract). Because Plaintiff has not alleged an inaccuracy in Defendant's consumer report, Plaintiff's claims of inaccurate reporting and failure to maintain reasonable procedures must be dismissed.

Plaintiff also alleges that Defendant failed to follow the procedures required for disclosing "investigative consumer reports." The FCRA defines an "investigative consumer report" as a report based on "information obtained through personal interviews with neighbors, friends, or associates of the consumer reported on." 15 U.S.C. § 1681a(e). Because Plaintiff has not alleged that Defendant's report was based on personal interviews, Plaintiff's allegation that Defendant failed to follow the proper procedure for disclosing an "investigative consumer report" fails as a matter of law.

Finally, Plaintiff alleges that Defendant failed to conduct a timely reinvestigation of her consumer report. Under 15 U.S.C. § 1681i(a)(1)(A), a consumer reporting agency is required to conduct a reinvestigation if a consumer disputes the accuracy of the information in the consumer's file. The reinvestigation must be conducted within thirty days of the date when the consumer gives notice of the inaccuracy. *Id.* Although Plaintiff was unhappy with her consumer report, Plaintiff's allegations do not indicate Defendant had notice of a factual inaccuracy in the report. Therefore, Defendant was not required to complete a reinvestigation under 15 U.S.C. § 611(a)(1)(A). Because Defendant was not statutorily required to conduct a reinvestigation, Plaintiff's claim that Defendant's reinvestigation was untimely must be denied.

Because Plaintiff's claims cannot be sustained as a matter of law, Defendant's Motion to Dismiss shall be Granted and Plaintiff's Motion for a Preliminary Injunction shall be denied by a separate Order.

**DATE: 11/8/07**

                                                      /s/
                                      **ROGER W. TITUS**
                                **UNITED STATES DISTRICT JUDGE**